Tremayne Durham
647007/ OS01613467
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey
Appearing PRO-SE

RECEIVED

SEP 0 8 2021

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TREMAYNE DURHAM , | : | CIVIL ACTION NO. |
| PLAINTIFF | : | _____ |
| | : | |
| L. JOVANOVIC,O.F.C, | : | |
| Z. GOODWIN,O.F.C., | : | |
| J. AKTURK. O.F.C., | : | |
| J. ESQUILAN, O.F.C., | : | |
| JOHN DOE,O.F.C., | : | |
| AMY EMRICH,ASSOCIATE | : | |
| ADMINISTRATOR | : | |
| | : | |
| DEFENDANTS | : | |

1

**INTRODUCTION**

COMES NOW, Tremayne Durham, Plaintiff, Pro Se, in the above matter, and beseeches this honourable Court to treat this instant cause liberally and afford it the principles of a pro-se litigant as established by the U.S. Supreme Court in Haines v Kerner, 404 US 51 SCT. 594, 30 L. Ed 2d 652, and Estelle v Gamble, 429 U.S. 106.

**COMPLAINT**

Tremayne Durham, Plaintiff, ProSe, alleges and complains against Defendants, A. Emrich, L.. Jovanovic, Z. Goodwin, J. Akturk, J. Esquilan, John Doe.

**JURISDICTION AND VENUE**

1.This is a 1983 action brought to redress the deprivation under the Civil Rights Act enacted by Congress to redress the deprivation under color of state law and Constitution of the United States. 42 U.S.C. section 1983.  This Court has original jurisdiction over Plaintiff's claims pursusant to 28 U.S.C. section 1331 and 1343 (a) (3). Jurisdiction over Plaintiffs claim for declatory relief can be found at 28 U.S.C. section

2

2201 and 2202.   Jurisdiction over Plaintiff's claims for
injunctive relief can be found at 28 U.S.C section 2283 and
section 2284, and Rule 65 of the Federal Rules of Civil
Procedure.   Additionally this Court has supplemental
jurisdiction over state claims under  28 U.S.C. section 1367.

2.              **PREVIOUSLY DISMISSED ACTION**

Plaintiff has not had an action or appeal dismissed on three or
more prior occasions on the grounds that the action or appeal

was frivolous, malicious, or failed to state a claim upon which
relief may be granted.

3.                        **PARTIES**


Plaintiff, TREMAYNE DURHAM, is a Oregon State prisoner convicted
and sentenced by the State of Oregon and is confined as an out
of state prisoner pursuant to the Out of State Compact Agreement
Act (hereafter I.C.A.) with the New Jersey Department of
Corrections at New Jersey State Prison. (Hereafter NJSP) At all
times relevant to this complaint defendants were acting under
color of state law.


 4.Defendant Amy Emrich, is the Associate Administrator at NJSP
during the time of the violations complained of . Defendant A.
Emrich carries out her official business at the prisons business
office which is NJSP, Third and Federal Street, Trenton, NJ
08625. Defendant A. Emrich is responsible for implementing
rules, policy, procedure, operating practices, and has
supervisory authority to modify, change, deny or approve as such
in a consistent manner with the governing rules as defined in
10:A, state laws and the U.S. Constitution, as well as enforcing
the same. Defendant A Emrich has supervisory authority over
defendants: L. Jovanovic, Z. Goodwin, J. Akturk, J. Esquilan,
John Doe and can correct their behavior in regard to 10:A, state

4

law, and the U.S. Constitution.  Defendant A. Emrich is being sued in her individual and official capacity.

5. Defendant L. Jovanovic is a senior correctional officer at NJSP (Hereafter Jovanovic) during the violations complained of herein by Plaintiff.  Defendant Jovanovic carries out his official duties at the prisons business address which is NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Jovanovic works on 2 left housing unit on first shift, and is responsible for enforcing rules, policy procedures, operating practices and rules governing 10:A, state laws and the U.S. Constitution. Defendant Jovanovic has knowledge of custodial operations on 2 left housing unit.  Defendant Jovanovic is being sued in his individual and official capacity.

6. Defendant, Z. Goodwin is a senior correctional officer at NJSP (Hereafter Goodwin) during the violations complained of herein by Plaintiff. Defendant Goodwin carries out his official duties at the prison's address which is NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Goodwin works on 2 left housing unit on first shift.  And is responsible or enforcing rules, policy procedures, operating practices and rules governing 10:A, state laws and the U.S. Constitution.  Defendant Goodwin has knowledge of custodial operations on 2 left housing unit. Defendant Goodwin is being sued in his individual and official capacity.

5

7. Defendant, J. Akturk  is a senior correctional officer (Hereafter Akturk) at N.J.S.P. during the violations complained of herein by Plaintiff. Defendant Akturk carries out her official duties at N.J.S.P, Third and Federal Street, Trenton, NJ 08625. Defendant Akturk works on 2 left housing unit and is responsible for enforcing rulesl, policy procedure, operating procedure. And to enforce 10:A, state laws, and the U.S. Constitution. Defendant J. Akturk is being sued in her individual and official capacity.

8. Defendant, J. Esquilan is a senior correctional officer (Hereafter Esquilan) at N.J.S.P. during the violations complained of herein by Plaintiff.  Esquilan carries out his official duties at the prisons business office which is NJSP, Third and Federal Street, Trenton, NJ 08625. Defendant Esquilan is responsible for enforcing rules, policy and procedure, operating practices.  And is to enforce 10:A, state laws, and the U.S. Constitution.  Defendant Esquilan is being sued in his individual and official capacity.

9. Defendant John Doe, is a correctional officer at N.J.S.P. during the violations complained of herein by Plaintiff. Defendant John Doe carries out his official duties at N.J.S.P., Third and Federal Street, Trenton, NJ 08625. Defendant John Doe works in the north compound infirmary and is responsible for enforcing for security, enforcing rules, policy and procedure,

operating procedure.  And to enforce 10:A, state laws, and the U.S. Constitutiion. Defendant John Doe is being sued in his individual and official capacity.

FACTS

10. On 4/9/20 while plaintiff was on 2 left housing unit window adjacent his cell was broken and missing with blustery cold air coming in.  The window was approximately twelve feet away from his cell.

11. On 4/10/20 plaintiff asked c.o. Goodwin if he could close window and turn heat on. The temperature was approximately 42 degrees. o.f.c. Goodwin said " I don't care you should'nt file grievances and complain I'll fix you for that nigger." (See Exhibit A,C,B-7)

12. 4/11/20 temperature was approximately 41 degrees on 2 left and the same window was still broke and missing, blustery extremely cold wind was coming directly into plaintiffs cell,the heat was off.  Jovanovic responded "you're an animal you write grievances and filed a complaint on my co-workers, fuck you nigger everybody will suffer because of you.  Jovanovic has a pattern and practice of this behavior.(see Exhibits A-4, A-5, B-7)

13. On 4/13/20 window was still broke and missing with blustery air coming in plaintiffs cell. Temperature was approximately 43 degrees. Plaintiff was extremely cold and shivering and lost sleep.

Plaintiff alerted O.F.C. Akturk about the situation.  She said I was told you filed grievances I cant help you.(SEE  Exhibits A-5 paet#B-7)

14 .  On 4/14/20 Plaintiff asked J. Akturk for fresh drinking water she said "no and another thing if you file any grievances against me or my co-workers on 2 left you will be a dead nigger".



15.Plaintiff previously filed several grievances prior to defendants retaliatory/racially discriminatory actions. Ref #NJSP 19021735, Ref # NJSP19022740, Ref #NJSP19022740,( filed between 6/25/19 to 7/10/19.)  Ref#NJSP 19038005 filed 11/19/19, Ref#NJSP 20000969 filed 1/9/20.

16.Upon information and belief NJSP policy is to turn on heat on housing units October 15 and turn off heat April 15... the range is 66 to 78 degrees.

17. Due to the extreme cold combined with heat being turned and also being denied access to extra blankets by the previously

mentioned officers plaintiff was shivering due to cold and lost sleep on the days mentioned.   There is a pattern and practice of this.(See Exhibit B-7)

18. On 5/10/20 approximately 9:38 am O.F.C. Goodwin ransacked plaintiffs cell on 2 left. Plaintiffs food clothes and clearly marked legal mail was mixed together. Clearly marked legal mail and plaintiffs photos of family and friends, including deceased relative was shredded in toilet and other photos and clearly marked legal mail stolen by Goodwin.  Goodwin  has a pattern and practice of this behavior  .(See Exhibits A-2, C, C-1, A9, a10, C4)

19.Plaintiff had original exhibits he planned to use in a civil suit under the First Amendment for having his clearly marked legal opened not in his presence. Their was approximately 3 pieces of mail they are now gone forever. See Exhibits A-9, A-10, A-2, C

20. Plaintiffs photos are of sentimental value and cant be replaced this has caused plaintiff extreme distress, some friends/family are deceased. See Exhibit C-1

21. On 5/11/20  Plaintiff told o.f.c. Goodwin about vermin; ants, roaches, waterbugss that was infested in his cell which was causing plaintiff to lose sleep and be greatly distressed. Goodwin said "there is nothing I can do" (See Exhibit B-3)

22. On 5/12/20 Plaintiff told officer Jovanovic about the infestation of roaches ants and waterbugs in his cell. Officer Jovanovic laughed at plaintiff and walked away.  The vermin caused plaintiff to lose sleep  and be extremely distressed. (see Exhibit B-3)

23. On 7/24/20 at approximately 7:20 am officer Goodwin ransacked plaintiffs cell. Clearly marked legal mail and photos of family and  friends in the toilet.  Other photos and clearly marked legal mail was stolen by Goodwin. (see Exhibits A-2, A-4,C,C-1)

23a. Plaintiff filed claim form that was not answered no state remedy available.

24. On 8/28/20 officer Goodwin ransacked plaintiffs cell, clothes, food, clearly marked legal mail was in the toilet. Clearly marked legal mail and family and friends photos stolen. (See Exhibit A-2, A-4, C)

25. Officer Goodwin has a pattern and practice of this behavior. (See Exhibit A-6, A-7, A-8)

25 a. Per memo from the Corrections Ombudsman in part says "fans would be in use when there is a rise in temperature".  The days fans were used by the following defendants their wasn't a rise in temperature.(see Exhibit B)

26. On 10/19/20 Officer Esquilan turned on large metal fan approximately five feet away, adjacent to plaintiffs cell and pointed directly at plaintiffs cell. The temperature was approximately 45 degrees and windows were open throughout the unit and adjacent to plaintiffs cell. The heat was off.  The noise from the fan caused plaintiff to lose sleep. Plaintiff alerted Esquilan about the condition immediately but was ignored by Esquilan who walked away. (See Exhibits B,B-1, B-2)

26 a. Esquilan has a pattern and practice of this behavior. (see Exhibit B-7)

27.  On 10/23/20 Officer Z. Goodwin ransacked plaintiffs cell, clearly marked legal mail and family/friends photos in toilet, clothes on floor mixed with food.  Plaintiff's clearly marked legal mail and photos of family and friends stolen. (See Exhibit A-9, A-10, C, C-1, C-2a)

27a.  Plaintiff submitted claim form on 10/23/20 but they were not answered.  Plaintiff has no available sate remedy for relief.(see Exhibits C-1, C-2a, E-1)

29.  On 11/11/20 Officer J. Esquilan opened window adjacent to plaintiffs cell while heat was off.  Temperature approximately 45 degrees.  Plaintiff asked Esquilan if he could close window and also if he could get extra blankets.  Esquilan said "you need to stop complaining monkey"

30.   On 11/13/20  Temperature was approximately 46 degrees plaintiff asked L. Jovanovic if he could close window adjacent to his cell due to the cold blustery wind.  Plaintiff also requested extra blankets and the heat be turned on.  Jovanovic told plaintiff "freeze you black bastard".  L. Jovanovic has a pattern and practice of this behavior. (See Exhibits A-5, B-7, B-8)

31.   On 11/16/20 temperature was approximately 35 degreees and windows open adjacent to plaintiffs cell.  Plaintiff was shivering and heat was off.  Plaintiff told both officers Goodwin and Jovanovic about closing window and having heat turned and receiving extra blankets.  Both officers denied plaintiffs request.

32.   On 12/10/20  O.F.C. L. Jovanovic and O.F.C. Z. Goodwin ordered Plaintiff out of cell without sufficient clothing. Request for appropriate clothing denied by Jovanovic and Goodwin and plaintiff was sent to chapel rec temperature was approximately 30 degrees.  Plaintifff was extremely cold and shivering.

33.   12/18/20 O.F.C. Z. Goodwin turned off heat at approximately 5:45am, temperature appx. 25 degrees.  The wind was blustery in front of Plaintiffs cell.  Plaintiff requested O.F.C. Z. Good win to put heat on and close the windows.  OF.C. Z. Goodwin laughed at Plaintiff and walked away.

33a. Officer Goodwin has a pattern and practice of this
behavior. (See Exhibit B-7, B-8)

34.  On the same date previously mentioned plaintiff requested
extra blankets from officer Goodwin. Goodwin told plaintiff
"no". The cold caused plaintiff to shiver and lose sleep. (See
Exhibit A)

35.  On 12/21/20 O.F.C. J. Esquilan turned on large metal fan
adjacent to plaintiffs cell.  Temperature was approximately 29
degrees at 8:45 am.  The fan made excessive noise throughout the
night.  The heat was off.  When plaintiff request to Esquilan to
have turned off and heat turned on Esquilan said
"motherfuckering nigger stop writing grievances" and walked
away. (See Exhibits B, B-1, B-2)

35a. Plaintiff filed grievance Ref# NJSP 20024060 on 6/19/20.

36.  On 12/24/20 Temperature approximately 30 degrees ,Officer
Esquilan turned on large metal fan and turned it towards
plaintiff cell approximately seven feet away.  The large metal
fan made excessive noise all day and night causing plaintiff to
lose sleep.

37.  Officer J. Esquilan has a pattern and practice of this
behavior. (See Exhibit B-7)

38.  On 12/29/20 Temperature approximately 31 degrees Officer
Esquilan turned on large metal fan which made excessive noise.
Heat was turned off.  Fan was approximately seven feet away

adjacent from plaintiffs cell.  Plaintiff lost sleep due to this.  (See Exhibit B)

39.  On 12/30/20 Temperature approximately 35 degrees, at approximately 4:45 pm Officer Esquilan turned on large metal fan approximately seven feet away from plaintiffs cell.  The fan was on all day and night which caused plaintiff to lose sleep due to noise from the fan. (see Exhibit B, B1, B2)

40.  On 12/31/20  Plaintiff alerted Officer J. Akturk in regard to ants, roaches, and waterbugs in his cell.  Nothing was ever done, no exterminator came to rectify vermin issue.  The excess vermin caused plaintiff to lose sleep and beome extremely distressed. (See Exhibits B-3, C-6)

41.  On 1/1/21 Temperature was extremely cold and large metal fan was on adjacent to plaintiffs cell causing excessive noise. Officer Jovanovic was alerted to the issue of the fan making excessive noise and causing plaintiff to lose sleep.  Jovanovic ignored plaintiff and walked away.

42.  On 1/2/21 Officer L. Jovanovic was alerted to large metal fan making excessive noise adjacent to his cell, appx. seven feet away.  Jovanovic ignored plaintiff and walked away. (see Exhibit B)

43.  On 1/3/21  Officer Esquilan turned on large metal fan. Large metal fan made excessive noise.  Alerted J. Esquilan who said "I don't care". (see Exhibit B)

14

44.  On 1/4/21 temperature approximately 35 degrees , large metal fans turned on by J. Esquilan that caused excessive noise and caused plaintiff to lose sleep. (see Exhibit B)

45.  On 1/13/21 Temperature approximately 30 degrees Officer Esqilan turned on large metal fan adjacent to plaintiffs cell, approximately seven feet away.  Excessive noise was made bay large metal fan on all day and night caused plaintiff to lose sleep.  Officer Esquilan has a pattern and practive of doing this.(see Exhibit B, B-7)

46.  On 1/14/21 Large metal fan was turned on by Esquilan.  This was located approximately seven feet away adjacent to plaintiffs cell making excessive noise, the temperature was extremely cold. (see Exhibit B)

47.  On 1/15/21 Officer Jovanovic turned off heat and put on large metal fan which was adjacent to plaintiffs cell causeing excessive noise. (See Exhibits B, B-7)

48.  On 1/17/21 temperature approximately 39 degreees and heat was off.  Large metal fan on adjacent to plaintiffs cell approximately seven feet away from plaintiff's cell causing excessive noise.  Plaintiff was extremely cold and shivering.

49.  On 1/19/21 Heat turned off and large metal fan was on , Officer Esquilan alertd to issue of excessive noise and of plaintiff being extremely cold.  Plaintiff was ignored by Esquilan. (see Exhibit B, B-7)

50.   On 1/20/21 while plaintiff was in cell at approximately 9:02 am Officer L. Jovanovic told plaintiff to strip(take off al his clothes) and to show him his open buttocks for a strip search.  Plaintiff complied, no supervisor was present this was not done in accordance with 10:A.  Their was no justification for the strip search.

51.   On 1/24/21  Large metal fan was on temperature was approximately 23 degrees.  Esquilan alerted that plaintiff was extremely cold and that fan was extremely noisy.

52.   On 1/25/21 at 8:20a.m.  Officer Goodwin told plaintiff to strip for  a strip search while plaintiff was in his cell defecating.  Plaintiff complied their was no supervisor present and no justification for the search.  This was in violation of 10:A. (se Exhibit A-1)

53.   On 1/30/21  Temperature approximately 18 degrees and heat off, turned off by officer Goodwin.  Plaintiff alerted Goodwin and Jocanovic about the extreme cold but was ignored.  Plaintiff was shivering and extremely cold.  These officers have a pattern and practice of this behavior. (see Exhibits B-7, B-8)

54.   On 2/1/21 temperature approximately 31 degrees, heat was turned off by Goodwin, L. Jovanovic refused to intervene. Plaintiff was extremely cold and shivering.

55.  On  2/4/21  Extremely cold in cell and heat was turned off by Jovanovic J. Akturk didn't intervene.  Officer Z. Goodwin was also on unit and didn't intervene either.

56.  On  2/5/21  Temperature approximately 25 degrees and heat was turned off by Goodwin , Jovanovic didn't intervene.

57.  On 2/6/21 Temperature approximately 38 degrees heat was turned off at 5:45am by Officer Goodwin, Jovanovic didn't intervene.

58.  On 2/8/21 temperature 15 degrees and heat turned off. Officer Jovanovic didn't intervene when Goodwin took heat off. Plaintiff was extremely cold and shivering.

59.  On 2/9/21  temperature 24 degrees and heat off. Officer Akturk and Jovanovic worked.  They were both alerted to plaintiff being extremely cold and they ignored plaintiff.

59 a.  On 2/10/21 J. Akturk ransacked plaintiffs cell approximately 8:29 a.m. property everywhere on floor and toilet.

60.  On 2/10/21  Extremely cold in cell and on unit  heat was off.  Jovanovic and Akturk worked and denied plaintiffs request to turn heat on.

61.  On 2/11/21 temperaure 26 degrees and heat turned off Officer Jovanovic  and Akturk alerted to plaintiff being extremely cold but was ingnored.

62.  On 2/12/21 temperature 20 degrees at approximately 5:43am Officer Goodwin took heat off, Jovanovic did'nt intervene.

63.  On 2/13/21 at approximately 6:11am heat was turned off by Goowin and Jovanovic didn't intervene.

64.  On 2/14/21 temperature 25 degrees and heat was turned off. J. Akturk worked and was alerted to plaintiff being extremely cold and she smiled and walked away.

65.  On 2/16/21 Large metal fan on adjacent to plaintiffs cell was making excessive noise,temp approximately 22 degrees Officer Jovanovic and Akturk worked and was alerted to excessive noise and cold and ignored plaintiff. (see exhibit B)

66.  On 2/20/21  It was extremely cold in plaintiffs cell and heat was off.  Large metal fams were on making excessive noise. This occurred 5:47 am. (see exhibit B)

67.  On 2/22/21 Heat turned off extremely cold plaintiff was shivering. Officer Goodwin and Akturk worked.

68.  On 2/23/21  Plaintiff requested fresh drinking water from L. Jovanovic. Jovanovic said "drink the water out of your toilet monkey".  The water in plaintiff cell had a brownish color and a smell of rotten eggs.  Denied fresh drinking water for approximately two weeks which made plaintiff sick.  Jovanovic has a pattern and practice of tis behavior. (see Exhibits A-2, B-4, B-5, B-6, C-4, C-5)

69.  There is a water fountain located on the flats on 2 left unit where prisoners were allowed to drink fresh drinking water including officers on unit.

77. On 3/24/21 at approximately 8:30am Officer L. Jovanovic refused to take plaintiff's legal mail, which Is supposed to be signed and processed by him.  When plaintiff inquired as to why he woud'nt take plaintiffs clearly marked legal mail Officer Jovanovic said "that's not my problem nigger."

78.  Jovanovic has a pattern and practice of this behavior. (see Exhibits C-4, C-5)

79.  On all dates in regard to Plaintiff not having adequate heat, windows being opened, and fans being on, plaintiff alerted the previous named correctional staff that worked the unit but either was ignored or verbally assaulted.  When plaintiff inquired about having extra blankets he was denied each time. On the above mentioned dated plaintiff lost sleep and was extremely cold waking up shivering .  This caused plaintiff pain and extreme distress.

80.  Plaintiff was denied access to the Jpay Kiosk numerous times throughout the year especially between October 2020 to April 2021 by O.F.C. L. Jovanovic.  The jpay kiosk is used to send and receive emails , write inquiries and grievances,etc.

81.  On 4/7/21 Plaintiff's toilet would'nt flush he alerted second shift correctional staff who told him to relay issue to first shift correctional staff which he did.

82.  On 4/8/21 Plaintiff alerted J. Akturk about the toilet which had feces and urine filled to the top and spilling onto

70.  On 2/25/21  Large metal fan on causing excessive noise adjacent to plaintiffs cell.  Located on wall approximately twelve feet away from plaintiffs cell making excessive noise. Jovanovic and Akturk working refused plaintiffs request to turn fan off.

71.  On 2/27/21 Large metal fans mounted on wall and adjacent to plaintiff's cell was making excessive noise.  Plaintiff alerted Officers Goodwin and Jovanovic to issue and was ignored.

72.  On 3/2/21 Temperature was approximately 30 degrees, large metal fans were on adjacent to plaintiffs cell making excessive noice.  Plaintiff alerted officers and was ignored.(Exhibit B)

73.  On 3/5/21 Heat was turned off by Officer Z. Goodwin plaintiff was extremely cold and shivering.

74.  On 3/6/21 Heat turned off by officer Z. Goodwin, it was extremely cold plaintiff was shivering.

75.  72.  On 3/16/21 O.F.C. L. Jovanovic refused to let plaintiff out for his medical pass at 8:45am.  When plaintiff inquired about his pass Jovanovic said "fuck you nigger".  L. Jovanovic has a pattern and practice of this behavior. (see Exhibits C-4, C-5, A-8)

76.  On 3/23/21 Officer Akturk fabricated misconduct report against plaintiff.  J. Akturk was alerted to conditions in cell and plaintiffs serious back condition on more than one occasion, on 4/13/20 was one occasion. (see Exhibits B-3, C-6)

19

the floor the odor was extreme with the smell of urine and feces.  Officer J. Akturk said " I will think about it".

83.   Nothing was done until days later,  plaintiff wrote to the Corrections Ombudsman for help.  During that time plaintiff couldn't eat due to smell this caused  him pain and great distress.

84.   On 4/14/21 While plaintiff was in his cell he was having serious back pain and yelled out to Officer L. Jovanovic and told him he was having serious back pain and needed medical assistance. (see Exhibits D-3, D-4, D-5)

85.   O.F.C. L. Jovanovic responded "put it on the kiosk", plaintiff was'nt allowed to use the kiosk at that time or on first shift.

86.   The same day Plaintiff yelled out to O.F.C. J. Akturk about his serious back and need for medical attention. (see Exhibits D, D-3, D-4, D-5)

87.   O.F.C. J. Akturk said "wait until later and put it on the kiosk,  Plaintiff was never given access to the kiosk on first shift.

88.   Later that morning Plaintiff fell in his cell due to serious back pain that cascaded down to his legs.  Plaintiff fell in water that had urine and feces in it due to toilet that wasn't fixed. (see Exhibits D, D-1, D-2, D-2a, D-2b, D-3, D-4, D-5a, G, G-1)

21

89.   Later on 4/14/21 on second shift plaintiff was still in serious back pain and was allowed to come out to use kiosk. Plaintiff fell again due to serious lower back pain that cascaded down to his legs.  This caused plaintiff extreme pain and great distress.(see Exhibits G, G-1, D, D-1, D-2, D-2a, D-2b, D-3, D-4)

90.   While in infirmary for several days plaintiff received medical attention and administered pain medication. (see Exhibits D,D-1, D-2, D-2a, D-2b)

91.   On 4/15/21 John Doe correctional officer who worked in the prison infirmary refused to take plaintiffs lights off in his cell when plaintiff requested them off.  John Doe said " The Policy is Lights stay on 24/7".  Plaintiff couldn't sleep and was under extreme distress from approximately 4/15/21 to 4/19/21.

92. On same day  Plaintiff was told by John Doe officer"you have nothing coming you wrote c.o.'s up on 2 left"

93.   Plaintiff wrote a complaint to the Corrections Ombudsman approximately 4/9/21 prior to writing this complaint.

94.   From approximately 4/14/21 to approximately 4/19/21 Plaintiff was in a cell that was extremely filthy, feces was packed inside of the toilet from not being cleaned.  Their was also feces in the toilet from the adjacent cell (ping pong) toilet.

22

102.   Jovanovic, Goodwin, Akturk, Esquilan, John Doe, Emrich participated, aided and encouraged abuse of plaintiff.(see Exhibits A, A1, A2, A3, A4, A5, B3)

## EXHAUSTION OF ADMISISTRATIVE REMEDIES

103.   Plaintiff has exhausted all applicable administrative grievances and appeals pursuant to 42 U.S.C. section 1991(e) (see Exhibits D-8, D-9,E, E-1,, F, F-1, G, G-1)

104. Prior to filing this complain about the practices, acts and failure to act, which resulted in Plaintiff's 14th, 8th, 4th, 1st Amendment Rights violations, when It is well established Law that defendants can not violate Plaintiff's Rights.  Defendants knew or should have known that their actions described above were in direct violation of well established Court decisions designed to protect Plaintiffs rights under the Constitution of the United States.

105.   Defendants actions as set forth in the Complaint and paragraphs above demonstrates defendant's arbitrary, capricious, malicious and intentional infringement upon Plaintiffs rights with reckless disregard for the consequeneces of their actions and/or inactions.

24

95.  Plaintiff was in cell with  stench of feces and urine.
Staff that made rounds in plaintiffs cell even commented on
stench but nothing was done.

96.  Plaintiff was not given basic hygiene items such as
toothpaste, toothbrush neither was he given any of his property.

97.  Plaintiff was not allowed to use the phone, shower or have
any writing materials.

98.When plaintiff inquired about the conditions in his cell and
the previous stated conditions to John Doe correctional officer
he told plaintiff "all cells were the same and that he would be
leaving soon this is only temporary.

99.  A. Emrich acquiesced in behavior of John Doe officer in
infirmary by refusing to correct his behavior. (see Exhibit F)

100. On or about 4/19/21 plaintiff was discharged from infirmary
plaintiff was placed on 4 right which is double-lock( two
inmates to a cell). Plaintiff previously was in a single one man
cell and never requested to be put in a double-lock cell with
another inmate.

101. Upon information and belief plaintiff was placed in double-
lock because of the prior incidents on 2 left housing unit which
he complained about and this was done in.retaliation.
Jovanovic, Goodwin, Akturk have a pattern and practice of
placing inmates especially black inmates in double-lock who
complain.(see Exhibit        )

23

106.  Plaintifff reasserts paragraphs 1 through 91  and states
defendants practices , acts and failure to act are in violation
of clearly established Law known or should have been known to
defendants divesting them of any shield of qualified immunity.

107.  Plaintiff reasserts paragraphs 1 through 95 and relays
same in regard to state tort claims of Intentional Or Malicious
Harm To Anoher, Aiding The Commission Of Tort, Emergency Aid Not
Given Or Not Properly Given, Emotional Distress Intentionally
Inflicted, Emotional Distress Negligently Inflicted defendants
should be divested of any shield of qualified immunity.

### CAUSE OF ACTION I

108.             **VIOLATION OF PLAINTIFF'S EIGHT AMENDMENT RIGHTS**

Plaintiff repeats and alleges paragraphs 1 through 102  if same
has has been set forth herein.

109.  Defendants L. Jovanovic, Z. Goodwin, J.Akturk, J. Esquilan
violated Plaintiffs Eight Amendment right to be free from cruel
and unusual puhishment by depriving Paintiff of warmth by having
heat turned off and windows open for months while on 2 left
housing unit.

110.  Jovanovic, Goodwin, Akturk, Esquilan, violated Plaintiffs
Eight Amendment Right to be fee from cruel and unusual
punishment by depriving him of sleep by having large metal fans
on that made excessive noise for months while on 2 left housing
unit.

111.   Jovanovic, Goodwin,Akturk, violated Plaintiff's Eight Amendment right by not having exterminator rectify excessive vermin in plaintiffs cell while he was on 2 left housing unit.

112.   Jovanovic and Goodwin violated Plaintiffs Eight Amendment right to be free for cruel and unusual punishment by strip searching plaintiff for no justifiable reason while plaintiff was on 2 left housing unit.

113.   Jovanovic and Akturk violated Plaintiff's Eight Amendment Right to be free from cruel and unusual punishment by denying medical assistance while he was on 2 left housing unit.

114.   Plaintiff was subject to a racially hostile environment which was pervasive by being called racial epithets and racially motivated discriminatory behavior by defendants Jovanovic, Goodwin, Akturk and Esquilan which violated Plaintiffs Eight Amendment Right under the Eight Amendment to be free from cruel and unusual punishment.

115.   A. Emrich violated Plaintiffs Eight Amendment Right to be free from cruel and unusual punishment having prior knowledge plaintiff was injured due to his disability and should've been housed on a unit that could accomadate his disability .  She did'nt use her authority to assist in this matter.

116.   John Doe violated Plaintiff's Eight Amendment Right to be free from cruel and unusual punishment by denying him sleep by

having lights on while plaintiff was in infirmary from
approximately 4/15/21 to
4/19/21.

117.  John Doe also denied Plaintiff access to hygiene items
such as toothpaste, toothbrush and other hygiene items and his
property. from approximately 4/15/21 to 4/19/21.

118.  John Doe refused Plaintiff's request for a sanitary cell
by having Plaintiff live in a filthy cell with feces crusted
inside of toilet and feces from adjacent toilet in adjacent cell
perpetually in plaintiffs toilet(ping pong), which was never
cleaned.

119.  A. Emrich acquiesced to behavior of John Doe officer by
refusing to correct his behavior.

### CAUSE OF ACTION II

### VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

120.  Plaintiff repeats and alleges paragraphs 1 through 102 if
same has been set forth herein


121. Jovanovic, Goodwin, Akturk, Esquilan violated Plaintiffs
Fourteenth Amendment Right to Equal Protection  by
discriminating against plaintiff because of his race.

122.  Plaintiff is black, a African American and due to his race
was discriminated against by being called racial epithets,

denied fresh drinking water, denial access to exterminator, subjected to property being destroyed and stolen while on housing unit 2 left.

123.   Emrich discriminate against plaintiff by not having him properly housed for his disability plaintiff is of a small class of prisoners who have a serious back condition and use a cane.

124.   John Doe officer while in infirmary denied sleep, hygiene items such as toothpaste, toothpaste and all of his property.

125.   Upon information and belief other prisoners housed in infirmary at that time had their hygiene items and property.

### CAUSE OF ACTION III

### VIOLATION OF PLAINTIFFS FOURTH AMENDMENT RIGHT

126.   Plaintiff repeats and allegs paraghraphs 1 through 102 if same has been set forth herein.

127.   Jovanovic , Goodwin, Akturk, violated plaintiffs Fourth Amendment Right by ransacking his and destroying and stealing his property while on 2 left housing unit.

128.   Jovanovic and Goodwin strip searched Plaintiff making him take clothes off and reveal buttocks to them with no justifiable reason while on 2 left.

### CAUSE OF ACTION IV

### VIOLATION OF PLAINTIFFS FIRST AMENDMENT RIGHTS

129.   Plaintiff repeats and alleges paragraphs 1 to 102 as though they were stated  fully therein.

28

130.   Jovanovic, Goodwin, Akturk, Esquilan violate Plaintiffs First Amendment Rights by retaliating against him for filing grievances and complaint.

131.   Plaintiff was subject to denial of warmth, sleep, vermin infestation, destruction and theft of property, medical assistance while he was on 2 left.

132.   Goodwin denied Plaintiff access to the courts by destroying/stealing plaintiffs clearly marked legal mail that was needed for litigating a civil action.   The action was specifically in regard to plaintiffs mail

being opened not in his presence.   All original exhibits gone, their were no copies.

133.   Jovanovic, Goodwin, Akturk, Esquilan subjected plaintiff to a racially hostile environment by pervasive racial epithets directed against him.

### CAUSE OF ACTION V

### UNITED STATES REHABILITATION ACT AND/OR AMERICANS WITH DISABILITIES ACT

134.   Plaintiff repeats and alleges paragraphs 1 through 102 as though they were stated fully thererin.

135.   Emrich violated the Rehabiliation Act And or Americans with Disabilities Act by having knowledge Plaintiff had a disability and was injured and didnt properly accomadate him having authority position.

135 a.   Akturk discriminated against plaintiff by fabricating misbehavior report the behavior reported was due to plaintiffs disability and defendant Akturk was aware of this because plaintiff told her previously.

136 b. Plaintiff was denied exterminator services by Jovanovic, Goodwin, Akturk which led to excessive vermin.

136 c. John Doe officer forced plaintiff to lose sleep by not turning off light for several days.

## CAUSE OF ACTION VI

### EMERGENCY AID NOT GIVEN OR NOT PROPERLY GIVEN

136.   Plaintiff repeats and alleges paragraphs 1 to 148 as though they were stated fully therein.

137.   Jovanovic and Akturk denied plaintiff emergency aid while on 2 left housing unit.   They had a duty to provide this being correctional officers.

138.   As a direct and proximate result of their inactions plaintiff was seriously injured.

139.   They violated the New Jerset state tort law of Emergencey Aid Not Given Or Not Properly Given.

## CAUSE OF ACTION VII

### INTENTIONAL OR MALICIOUS HARM TO ANOTHER

140.   Plaintiff repeats and alleges paragraphs 1 to 102 as though they were state fully therein.

30

141.   Jovanovic, Goodwin, Akturk, Esquilan, intentionally, maliciously caused harm to Plaintiff by causing him to lose sleep, warmth.

142.   Jovanovic Goodwin intentionally/maliciously ransacked plaintiffs cel destroying and stealing his property.

143.   Jovanovic and Goodwin strip searched plaintiff without any justification.

144. Jovanovic denied Plaintiff access to fresh drinking water.

145.   Jovanovic and Akturk dened Plaintiff access to medical assistance. Plaintiff fell in cell due to extreme pain in back that cascaded down to his legs, in water that had feces and urine In it and was seriously injured.

146.   Plaintiff was denied access to exterminator service for excess vermin in his cell by Jovanovic, Goodwin and Akturk.

147.   John Doe denied Plaintiff sleep, clean cell by forcing Plaintiff to be in a cell with feces crusted in toilet and (ping pong), and no access to hygiene items and property.  No access to phone, shower.

148.   These acts by Defendants were intentional/malicious without justification and proximate.

### CAUSE OF ACTION VIII

### AIDING THE COMMISSION OF TORT

149.   Plaintiff repeats and alleges paragraphs 1 to 102 as though they were stated fully therin.

150   Jovanovic, Goodwin, Akturk, Esquilan actively participated, aided, encouraged in plaintiff losing sleep, warmth in a campaign of harassment.

151.   Jovanovic, Goodwin ransacked plaintiff cell destroying and stealing his property.

152.   Jovanovic denied plaintiffs access to fresh drinking water approximately two weeks while he was on 2 left.

153.   Jovanovic Goodwin, Akturk denied plaintiff access to exterminator servie for excessive vermin while on 2 left.

154.   Jovanovic and Akturk denied plaintiff access to medical assistance.

155.   John Doe officer left plaintiff in a filthy cell with feces crusted inside of toilet wih (ping pong)toilet from adjacent cell.  John Doe denied plaintiff access to hygiene items such as toothpaste, toothbrush and his property.  Also he had no access to shower or phone.

### CAUSE OF ACTION IX

### EMOTIONAL DISTRESS INTENTIONALLY INFLICTED

156.   Plaintifff repeats and alleges paragraphs 1 to 102 as though same has been stated therein.

157.   Jovanovic, Goodwin, Akturk Esquilan caused plaintiff to lose sleep and warmth while on 2 left.

158.   Jovanovic, Goodwin, Akturk denied plaintiff exterminator service for excess vermin.

159. Jovanovic denied plaintiff fresh drinkinfg water.

160.  Jovanovic Goodwin, Akturk ransacked plainiffs cell stealing and destroying property e.g. family photos and friends photos and clearly marked legal mail.

161.  Jovanovic and Akturk denied plaintiff access to medical assistance which led to plaintiff being seriously injured and placed in infirmary several day

162.  While on 2 left plaintiff was subjected to pervasive racial hostility by being called racial epithets and racially discriminated against by Jovanovic, Goodwin Akturk and Goodwin.

163.  John Doe officer while in infirmary refused to take plaintiffs lights off plaintiff lost sleep several days. Plaintiff was kept in a cell with feces in toilet and (ping pong).

164. John Doe officer in infirmary denied plaintiff hygiene items and his property while he was in infirmary.

## CAUSE OF ACTION X

### EMOTIONAL DISTRESS NEGLIGENTLY INFLICTED

165.  Plaintiff repeats and alleges paragraphs 1 to 102 as though they were stated fully therein.

166.  All defendants by their actions and inactions caused plaintiff extreme distress and was proximate.

## PRAYER FOR RELIEF

166.   WHEREFORE, Plaintiff requests that the court grant the following relief:

A.   Issue a declatory judgment stating Defendants violated Plaintiffs Constitutional rights under the United States.  And Defendants violated Plaintiffs state rights under New Jersey state tort law.  That Defendants violated the The United States Rehbilitaion Act/And or Americans With Disabilities Act.

B.   Award compensatory damages in the following amounts:

1. $100,000; one hundred thousand dollars jointly and severally against all defendants.


C.   Award punitive damages in the following amounts:

$100,000; one hundred thousand dollars jointly and severally against all defendants.

D. **DEMAND FOR JURY TRIAL**

Pursuant to Fed Civ. P. 38 (b) (1), Plaintiff demands trial by jury regarding any and all factual issues.

168.   E. Plaintiff seeks recovery of costs in this suit.

169.   F. Plaintiff seeks any additional relief this court deems just proper and equitable.

Dated: August 27, 2021

Respectfully Submitted,

Tremayne Durham

34

#647007/ #OS01613467

NJSP

P.O. Box 861

Trenton, NJ 08625

### CERTIFICATE OF SERVICE

I, Tremayne Durham, Plaintiff, Pro-Se, do hereby declare and

certify that I have placed for mailing an original and 8

copies,(and 1 original and one copy to clerk of court and one

courtesy copy to the Judge's Chamber's) and one copy for each

defendant of Plaintiff's  1983 Complaint. Exhibits A through G-

1, ~~three chapters~~ $400.00 Check ~~and~~ and

Certificate of Service, to be mailed to the Clerk of Court whose

address is: United States District for The District of New

Jersey, 402 E. State Street, Trenton, NJ 08608, on this *27* day

of ~~December,~~ *August* 2021 by the prison mailing system by placing the

above said documents in the hands of the officer in charge of

the mail on the cell block 1 Right for which a postage remit was

submitted for first class mailing and signed by the officer

whose name appear on the postage remit.

Respectfully Submitted,

DATED: *August 27, 2021*                    *Tremayne Durham*

35